UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**CHRISTIAN ENRIQUE CARIAS TORRES,**<br><br>**Defendant.** | Case No. 1:25-mj-00146 (MAU) |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION FOR DEFENDANT CHRISTIAN ENRIQUE CARIAS TORRES**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its motion that the defendant, Christian Enrique Carias Torres ("defendant"), be detained pending trial pursuant to 18 U.S.C. § 3142(f)(2)(A) (serious risk of flight) of the federal bail statute. The defendant, a citizen of Venezuela, is in the United States illegally and is the subject of pending Order of Removal issued by an immigration judge. His status in the United States, his history of failures to appear in immigration matters, and his actions in the instant case demonstrate that he continues to present a serious risk of flight if released. Considering the factors specified under 18 U.S.C. § 3142(g), there is no condition or combination of conditions that will reasonably assure his appearance in court. Accordingly, the Court should detain the defendant pending trial.

**BACKGROUND**

The defendant is a citizen of Venezuela. On July 22, 2023, he presented himself to U.S. Customs and Border Patrol (CBP) at the U.S.-Mexico border in El Paso, Texas, where he was referred to Passport Control Secondary for further inspection. On that same date, CBP Inspections issued a Notice to Appear. At that time, he was also paroled into the United States for a period of

1

two years and provided a notice to appear at an immigration hearing on November 30, 2023. He failed to appear for the November 30, 2023 hearing. On that same date, an immigration judge ordered that the defendant be removed. The defendant subsequently filed a motion to reopen the immigration proceedings. The motion to reopen was granted, and a hearing was set for November 21, 2024. The defendant – after being provided written notification of the time, date, and location of the Removal hearing – again failed to appear for the hearing. On that same date, an immigration judge issued an order for the removal of the defendant. The Removal Order remains valid. The defendant has been illegally in the United States since its issue.

On August 18, 2025, the defendant was observed in the vicinity of the 1300 block of R Street, N.W., Washington, D.C., operating a motorized scooter. He was observed making a traffic violation and then parking along the curbside. Federal officers, after observing the defendant entering and exiting a restaurant, approached the defendant foot. The officers were wearing markings that clearly identified them as police. As they approached the defendant and began to engage him verbally, the defendant attempted to flee on foot. He was taken down to the ground by the officers. After a brief struggle, the defendant forcibly rose to his feet and again attempted to flee on foot. He was taken down to the ground a second time. During this encounter, an officer's head struck the ground causing injury to the back of the officer's head. The officers regained control over the defendant, placing him in handcuffs with his hands behind is back. He was then escorted to a nearby police vehicle. While in the vehicle, the defendant attempted to flee from the vehicle for a third time. He was quickly restrained by the officers on the scene.

## **PROCEDURAL HISTORY**

On August 18, 2025, a Criminal Complaint charging the defendant with a violation of 18 U.S.C § 111(a) (assaulting, resisting, or impeding certain officers or employees) was signed by the

Honorable Moxila A. Upadhyaya of the United States District Court for the District of Columbia. An initial appearance was held before Magistrate Judge Upadhyaya on August 20, 2025. At that hearing, the Government moved for detention pursuant to 18 U.S.C. § 3142(f)(2)(A).

## **ARGUMENT**

Under the Bail Reform Act, if the Court determines that "no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of any other person and the community," the Court shall order a defendant held pending trial. 18 U.S.C. § 3142(e).

In determining whether an individual is a flight risk, the Court weighs four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g); *see also United States v. Vasquez-Benitez*, 919 F.3d 546, 551-51 (D.C. Cir. 2019). "A determination that an individual is a flight risk must be supported by a preponderance of the evidence. *Vasquez-Benitiz*, 919 F.3d at 551.

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted, and the government may proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986). *See also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination

should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. *See Smith*, 79 F.3d at 1210, and *Williams*, 798 F. Supp. at 36.

Here, if released, the defendant poses a flight risk. He is a citizen of Venezuela, who was ordered removed by an immigration judge, and has been illegally in the United States since November 2024. He has no known ties to the community, twice failed to appear for an immigration hearing, and repeatedly attempted to flee law U.S. law enforcement upon encountering them in August 2025.

## I.     The Nature and Circumstances of this Offense Merits Detention.

Here, the defendant is charged with a violation of Title 18, United States Code § 111(a). His actions during the instant offense clearly demonstrate that he is a serious risk of flight. As officers, wearing clearly marked police insignias, approached and attempted to engage the defendant, he immediately attempted to flee. The officers had to physically take the defendant to the ground. Twice more, after being verbally ordered to comply with officers and physically restrained by the officers, the defendant attempted to flee. Therefore, the first factor favors detention.

## II.    The Weight of the Evidence Against Defendant Favors Detention.

The second factor to be considered, the weight of the evidence, also favors detention. The Government's case against the defendant is strong. The defendant's resistance and attempted flight was observed by multiple officers and was captured on video. Here, the weight of the evidence should be considered equally with the other § 3142 factors. In *United States v. Blackson*, following a thorough review of the text of § 3142 and decisions analyzing this factor, Judge Howell found that "the weight of the evidence should not automatically be weighed less than the remaining

statutory pretrial detention factors." 2023 U.S. Dist. LEXIS 18988, at *29-30. Instead, "the weight of the evidence against [a] defendant [should] be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate." *Id.* In an unpublished opinion, the D.C. Circuit affirmed Judge Howell's decision. *United States v. Blackson*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023). Moreover, the Second Circuit reached the same decision after a thorough and careful analysis of the issue. *United States v. Zhe Zhang*, 55 F.4th 141, 149-150 (2d Cir. 2022). This Court should follow *Blackson* and *Zhang;* this factor should be given no less weight.

Indeed, "if the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk that defendant will flee to avoid future court proceedings and may indicate that the defendant is a present danger to himself or the community if the government's allegations later prove to be true." *Blackson*, 2023 U.S. Dist. LEXIS 18988, at *29-30. So it is in this case, the weight and strength of the evidence increases the prospect that the defendant will flee if released. Accordingly, the second factor favors detention.

### III. Defendant's History and Characteristics also Favor Detention.

The third factor—the history and characteristics of the defendant—heavily favors detention. The defendant is a citizen of Venezuela, who is in the United States illegally, and is subject to a pending Removal Ordser. He also had no known connections the community. In addition, the defendant has a history of failing to comply with court orders. On two recent occasions (July 22, 2023, and November 21, 2024), after being duly notified and ordered to appear for immigration-related hearings, he failed to appear. These failures to appear, coupled with the

other characteristics and his actions in the instant case, clearly demonstrate that he is a serious risk of flight.

Accordingly, the third factor weighs heavily in favor of continued detention. *See United States v. Munchel*, 991 F.3d 1273, 1281 (D.C. Cir. 2021) (concluding that courts can and should "consider whether it believes the defendant will actually abide by its conditions when making the release determination"); *see, e.g., United States v. Glasgow*, No. 1:20-cr-27-7 (KBJ), 2021 U.S. Dist. LEXIS 109972, at *37 (D.D.C. June 11, 2021) ("Because Glasgow has previously disobeyed a court-ordered condition of pre-trial supervision, the Court has little faith that he would not do so again if released pending trial.").

### IV.     Defendant Presents a Danger to Our Community.

The defendant also presents a danger to the community and a flight risk. In his short history in the United States, he has shown an absolute disregard for the rule of law. He has twice failed to appear, ignored traffic laws while operating a motor scooter, and physically and repeatedly resisted the arrest.

Accordingly, there is no condition or combination of conditions that would reasonably assure that the defendant would return to court if he were released.

### CONCLUSION

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

                        Respectfully submitted,

                        JEANINE FERRIS PIRRO
                        UNITED STATES ATTORNEY

<pre>
                    By:     /s/ Michael D. DiLorenzo
                            Michael C. DiLorenzo
                            Assistant United States Attorney
                            MD Bar Number 931214 0189
                            United States Attorney's Office
                            601 D Street, N.W.
                            Washington, D.C.  20530
                            Telephone: 202-252-7650
                            Email: michael.dilorenzo@usdoj.gov
</pre>