UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 1:25-mj-00146 (MAU) |
| v. : | |
| : | |
| CHRISTIAN ENRIQUE CARIAS : | |
| TORRES, : | |
| : | |
| Defendant. : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S
### MOTION FOR EXPUNGEMENT

The United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Christian Enrique Carias Torres' Motion for Expungement. ECF No. 12. The record conclusively shows that Defendant is not entitled to the equitable relief he seeks, and, thus, his arrest may not be expunged under the controlling case law. Therefore, the Court should summarily deny Defendant's motion.

### PROCEDURAL HISTORY

On August 16, 2025, the Defendant was arrested in the 1300 block of R Street, N.W., Washington, D.C. for a violation of Title 18, United States Code, Section 111 (assaulting, resisting, or impeding certain officers or employees). Leading up to the arrest, federal officers observed the Defendant operating a moped, making a traffic violation, and then parking along the curbside. He was then observed entering and exiting a restaurant. The officers approached the Defendant on foot. They were wearing markings that clearly identified them as police. As the officers approached the Defendant and began to engage him verbally, the Defendant attempted to flee on foot. He was taken down to the ground by the officers. After a brief struggle, the Defendant forcibly rose to his feet and again attempted to flee on foot. He was taken down to the ground a second time. During this encounter, an officer's head struck the ground causing injury to the back

of the officer's head. The officers regained control over the Defendant, placing him in handcuffs with his hands behind his back. He was then escorted to a nearby police vehicle. While in the vehicle, the Defendant attempted to flee from the vehicle for a third time. He was quickly restrained by the officers on the scene.

At the time of arrest, the Defendant, a citizen of Venezuela who was illegally in the United States, was the subject of a valid Removal Order that had been issued by a U.S. Immigration Judge. The Defendant was formally charged in this case by a criminal complaint on August 18, 2025, ECF No. 1, and on August 20, 2025, he appeared before this Court for his initial appearance. On August 25, 2025, the Court held a detention hearing in this matter, after which the Defendant was ordered released with conditions. He was then taken into custody by U.S. Immigration and Customs Enforcement (ICE) on an outstanding ICE detainer.

On September 8, 2025, the Court granted the government motion to dismiss. The Defendant's Removal Order was executed, and on or about September 10, 2025, he was removed to his home country of Venezuela. On September 15, 2025, the Defendant filed a motion seeking an expungement of his arrest, claiming that the unlawful nature of the arrest and the extraordinary facts warrant expungement. ECF No. 12 at 1. The Defendant's motion is without merit and should be summarily denied.

**ARGUMENT**

Defendant's motion to expunge his arrest in this case should be summarily denied. Defendant fails to proffer any statutory basis for, or any "extraordinary circumstances" justifying, his request for equitable relief.

"The power to order expungement is part of the general power of the federal courts to fashion appropriate remedies to protect important legal rights." *United States v. Archer,* Criminal

No. 07-0029, 2012 WL 5818244, at *1 (D.D.C. Nov. 13, 2012) (quoting *Doe v. Webster,* 606 F.2d 1226, 1231 n. 8, (D.C. Cir. 1979)); *see Chastain v. Kelley,* 510 F.2d 1232, 1235 (D.C. Cir. 1975) (federal courts have the power to order the expungement of government records, such as criminal records, "where necessary to vindicate rights secured by the Constitution or by statute."). "Before expunging a criminal record, the Court must find that, after examining the particular facts and circumstances of the case, the 'remedy is necessary and appropriate in order to preserve basic legal rights.'" *United States v. Davis*, No. CR. 342-72, 2006 WL 1409761, at *2 (D.D.C. May 23, 2006) (quoting *Livingston v. U.S. Dep't of Justice*, 759 F.2d 74, 78 (D.C. Cir. 1985)). A federal court's jurisdiction to hear motions to expunge convictions or arrests "is 'limited' in the absence of an enabling federal statute." *Herrington v. Bezotte*, 2015 WL 268412, at *5 (E.D. Mich. 2015) (citing *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014). "The court may order expungement where it is required or authorized by statute, or in the exercise of its inherent equitable powers." *Archer*, *supra*. at *1 (internal quotation marks and citation omitted); *see United States v. Derouen*, 279 F. Supp. 3d 298, 299 (D.D.C. 2018) (Kollar-Kotelly, J.) (same); *see also Livingston*, *supra*. at 78 (observing that "courts have the inherent, equitable power to expunge arrest records") (citations omitted).

In this case, defendant cites no statutory basis to support his request for expungement. In fact, the Defendant relies heavily on a 1976 case from the Eastern District of Wisconsin. This reliance is misplaced given the considerable – and considerably more recent – case law from the D.C. Circuit and the D.C. District Court. There is "no 'standalone right to expungement of government records'. . . recognized in this Circuit." *United States v. Douglas*, 282 F. Supp. 3d 275, 278 (D.D.C. 2017) (quoting *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 536 (D.C. Cir. 2015)). When a court has exercised its inherent equitable power to order expungement, it has

been due to "either a lack of probable cause coupled with specific circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." *Doe v. Webster*, 606 F.2d 1226, 1230 (D.C. Cir. 1979); *see e.g., United States v. Blackwell*, 45 F. Supp. 3d 123, 124 (D.D.C. 2014) ("Absent a statutory basis authorizing expungement, courts have granted motions to expunge only in extreme circumstances, such as in cases involving flagrant constitutional violations.").

> Former Chief Judge Howell's pithy summary of the governing law is worth quoting:
>
> Absent any statutory basis for expungement, the D.C. Circuit has held that courts nonetheless "have the inherent, equitable power to expunge arrest records . . . 'when that remedy is necessary and appropriate in order to preserve basic legal rights.'" *Livingston v. United States*, 759 F.2d 74, 78 (D.C. Cir. 1985) (quoting *Sullivan v. Murphy*, 478 F.2d 938, 968 (D.C. Cir. 1973)); *see also Doe v. Webster*, 606 F.2d 1226, 1231 n.8 (D.C. Cir. 1979) . . . .
>
> As the D.C. Circuit has recently explained, "expungement is a potentially available remedy for legally cognizable injuries." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 536–538 (D.C. Cir. 2015). In other words, while no "nebulous right to expungement of government records" is available, even for "government records that are inaccurate, were illegally obtained, or are 'prejudicial without serving any proper purpose,'" expungement may be an appropriate remedy where a violation of an established legal right has occurred or is imminent. *Id*. at 538 (quoting *Chastain*, 510 F.2d at 1236). Thus, expungement of a criminal record may be an appropriate exercise of equitable powers when the criminal record involved "either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." *Webster*, 606 F.2d at 1230. Examples of such "extraordinary circumstances" provided by the D.C. Circuit include criminal records arising from prosecutions marred by entrapment, misleading law enforcement testimony or incorrect legal advice or predicated on a statute subsequently declared unconstitutional. Id. at 1230 n.11. "The general rule which emerges from the cases is that expungement of an arrest record is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." *Id*. at 1231 . . . .
>
> In short, no "standalone right to expungement of government records" is recognized in this Circuit. *Abdelfattah*, 787 F.3d at 536. Instead, a prerequisite for obtaining this equitable remedy is a claimed violation of a well-established statutory or constitutional right. *Id*. at 537. Merely citing to the fact that a criminal record may foreclose or present difficulties in finding employment opportunities does not meet

>   the fundamental prerequisite of setting out a legally cognizable claim to vindicate rights secured by the Constitution or by statute, for which claim expungement may be appropriate relief.

*Douglas*, 282 F. Supp. 3d at 277–78.

Here, the defendant contends that the arrest was "over-the-top," makes a general assertion the arrest was unlawful, and then cites several published opinion pieces that criticize the Administration's effort to combat crime in the District of Columbia through the law enforcement's surge effort. ECF No. 12 at 1-2. This stated basis does not amount to a lack of probable cause, flagrant violation of the Constitution, or other unusual and extraordinary circumstances. *Doe*, 606 F.2d at 1230. Consequently, his proffered reasons are legally insufficient to justify expungement of his arrest record in this case. *Id.*

In addition, the Defendant places undue emphasis on the fact that the case was dismissed with prejudice. The case was dismissed with prejudice on the government's motion. This motion was based on routine considerations and in no way represents a concession of any improper conduct on the part of the arresting officers. At the time the motion was filed, the government was aware of the Defendant's immigration status. He was in ICE custody and was the subject of a lawful Removal Order. As the government anticipated when it filed its motion to dismiss the case with prejudice, the Defendant was removed forthwith to his home country after the dismissal of the case. In short, the government determined that it was in the interest of justice to not pursue this matter further, and, filed a motion accordingly.

Further, the government has a legitimate need to maintain records of arrests and conviction. In this Circuit, when assessing whether to invoke the Court's inherent authority to grant a motion for expungement of an arrest record, the Court considers whether "serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way

attributable to him, outweighs the government's need for a record of the arrest." *United States v. Davis*, No. CR 342-72, 2006 WL 1409761, at *2 (D.D.C. May 23, 2006) (citations omitted). This Circuit is clear that the government has a "legitimate need for maintaining criminal records in order to efficiently conduct future criminal investigations." *Doe*, 606 F.2d at 1243. "Retaining and preserving arrest records serves the important function of promoting effective law enforcement" and serves the "compelling public need for an effective and workable criminal identification procedure." *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (quotation omitted); *see also United States v. Woods*, 313 F.Supp. 3d 197, 200 (D.D.C. 2018) ("The government has both the statutory authority to maintain criminal records and a demonstrated need to do so in order to conduct future criminal investigations efficiently."). Retaining criminal records "aids in effective law enforcement," and maintaining records of convictions "helps preserve uniform sentencing under the United States Sentencing Guidelines" because the sentencing ranges rely in part on a defendant's past criminal history. *United States v. Salleh*, 863 F. Supp. 283, 284 (E.D. Va. 1994). As a result, expungements of criminal records are rare, without authorizing statute or extraordinary circumstances. "[R]elief usually is granted only in extreme circumstances, the finding of which requires a balancing of the equities between the right of privacy of the individual and the right of law enforcement officers to perform their necessary duties." *Davis*, 2006 WL 1409761, at *2 (internal quotation marks and quotation omitted). Here, because defendant cannot show extraordinary circumstances overcoming the government's legitimate need to maintain records related to criminal cases, defendant has not shown entitlement to the relief he seeks.

## CONCLUSION

The government is mindful of defendant's desire to expunge records of his arrest; however, the Defendant's motion fails to present any applicable statutory authority to support his

expungement request, show that his arrest was improper, or show any extraordinary circumstances that would warrant expungement when balanced against the government's interest in preserving criminal records. The circumstances cited here by defendant are not unique, and they fail to "rise to the level of the exceptional circumstances necessary to justify this Court's exercise of its equitable power to expunge records of a valid arrest and conviction absent a showing of some violation of rights." *United States v. Wilson*, 98-mj-0558, 2008 WL 2446134, at *1 (D.D.C. June 17, 2008).

In sum, there is no statutory basis for the proposed expungement, and the Defendant does not set forth the extraordinary circumstances necessary to meet the narrow exception contemplated by the D.C. Circuit in *Doe v. Webster*, 606 F.2d at 1230. Accordingly, the Court should summarily deny the Defendant's motion.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: */s/ Michael D. DiLorenzo*
Michael C. DiLorenzo
Assistant United States Attorney
MD Bar Number 931214 0189
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-7650
Email: michael.dilorenzo@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused service of the foregoing to be made through the Court's ECF system on September 24, 2025.

/s/ *Michael C. DiLorenzo*
MICHAEL C. DILORENZO
Assistant United States Attorney